IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | CHAPTER 7 |
| : | |
| RICCI TRANSPORT : | BANKRUPTCY NO. 22-10969 (AMC) |
| & RECOVERY, INC. : | |
| : | |
| Debtor : | |
| : | |

## APPLICATION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO EMPLOY BARRY S. SLOSBERG, INC. AS AUCTIONEER/BROKER

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of Ricci Transport & Recovery, Inc. (the "Debtor"), hereby respectfully submits this application to employ Barry S. Slosberg, Inc. ("BSS") as auctioneer/broker pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Application"), and in support thereof, respectfully states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

### BACKGROUND

4. On April 14, 2022, the Debtor filed for protection under Chapter 11 Subchapter V of the Bankruptcy Code (the "Bankruptcy Case").

5. On November 18, 2025, the Bankruptcy Case was converted to Chapter 7 of the Bankruptcy Code.

6. On November 19, 2025, the Trustee was appointed and is so acting.

7. Assets of the Debtor's estate include, but are not limited to, the following property (collectively, the "Property"):

(a) 2014 Hino 258 Tow Truck (VIN 5PVNJ8JN1E4S51461);

(b) 2014 Hino 258 Tow Truck (VIN 5PVNJ8JN1E4S51573);

(c) 2017 Hino 258 Tow Truck (VIN unknown at this time) and

(d) 2019 Hino 258 Tow Truck (VIN 5PVNJ8JN2K4S53506).

8. The Trustee wishes to employ BSS to auction the Property or find a private buyer for the Property for the benefit of the Debtor's bankruptcy estate.

9. Upon information and belief, the Property is not encumbered by any lien or security interest.

10. The Trustee requires assistance in selling the Property. The Trustee believes it is most cost-effective, efficient and in the best interest of the estate to hire professionals who possess specific skills and extensive experience and knowledge in this field. The Trustee believes that BSS has the necessary experience and methods to expeditiously sell the Property.

11. Accordingly, the Trustee seeks to employ BSS to assist her with the sale of the Property so that these assets may be administered in the most cost-effective manner with the maximum benefit for the Debtor's estate.

12. BSS will charge the buyer(s) a twenty percent (20%) buyer's premium (the "Premium").

13. As compensation for providing the liquidation services, BSS shall receive a commission of ten percent (10%) of the gross sale proceeds, including the Premium (collectively, the "Gross Sale Proceeds"), plus reasonable expenses capped at $1,000.00.

14. Any and all compensation to be paid to BSS for services rendered and costs incurred on the Trustee's behalf shall be fixed by application to this Court pursuant to the

2

applicable provisions of the Bankruptcy Code, the Federal and Local Rules of Bankruptcy Procedure, and such Orders as this Court may direct, with notice to parties in interest.

15. To the best of the Trustee's knowledge, BSS has no connection with the Debtor, creditors or any other parties in interest, their respective attorneys or accountants pursuant to Fed. R. Bankr. P. 2014 as evidenced by the Verified Statement of Alan B. Le Coff attached hereto as Exhibit "A" and made a part hereof. Verification of BSS's bond is attached hereto as Exhibit "B" and made a part hereof.

### **RELIEF REQUESTED**

16. By this Application, the Trustee requests that the Court enter an order authorizing her to employ BSS as auctioneer/broker to sell the Property pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

17. BSS has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b).

18. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

19. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the

3

necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

20. Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." *See*, 11 U.S.C. § 328(a).

21. The Trustee contends that BSS's employment is necessary and in the best interest of the Debtor's estate.

22. The Trustee has determined that the services of BSS are needed and that the cost is warranted.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Trustee respectfully requests entry of an Order (i) authorizing the employment of BSS to sell the Property and (ii) granting such other and further relief as this Honorable Court deems equitable and just.

                                      **Respectfully submitted,**

                                      **CHAPTER 7 TRUSTEE FOR THE ESTATE OF RICCI TRANSPORT & RECOVERY, INC.**

By:   /s/ Christine C. Shubert
       Christine C. Shubert
       821 Wesley Avenue
       Ocean City, NJ 08226
       (609) 938-4191
       christine.shubert@bmstrustee.onmicrosoft.com
       Chapter 7 Trustee

Dated: December 11, 2025