IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| RICCI TRANSPORT | : | BANKRUPTCY NO. 22-10969 (AMC) |
| & RECOVERY, INC. | : | |
| | : | |
| Debtor | : | |
| | : | |

**MOTION OF CHRISTINE C. SHUBERT , CHAPTER 7 TRUSTEE, FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE SALE FOUR TOW TRUCKS
FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
PURSUANT TO 11 U.S.C. § 363 AND (II) AUTHORIZING THE COMPENSATION
OF BROKER PURSUANT TO 11 U.S.C. § 330**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of Ricci Transport & Recovery, Inc. (the "Debtor"), by and through her counsel, Karalis PC, hereby moves this Honorable Court for entry of an Order (i) authorizing the sale of four tow trucks free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363 and (ii) authorizing the compensation of broker pursuant to 11 U.S.C. § 330 (the "Motion") and in support thereof, respectfully represents as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief sought herein are 11 U.S.C. §§ 105, 330 and 363 and Fed. R. Bankr. P. 6004.

**II.    BACKGROUND**

(a)    **Procedural Background.**

4. On April 14, 2022, the Debtor filed for protection under Chapter 11 Subchapter V of the Bankruptcy Code (the "Bankruptcy Case").

5. On November 18, 2025, the Bankruptcy Case was converted to Chapter 7 of the Bankruptcy Code.

6. On November 19, 2025, the Trustee was appointed which appointment remains in effect.

**(b)    The Tow Trucks Owned by the Debtor's Bankruptcy Estate.**

7. The Debtor's bankruptcy estate owns, *inter alia*, the following tow trucks: (i) 2014 Hino 258 Tow Truck (VIN 5PVNJ8JN1E4S51461), (ii) 2014 Hino 258 Tow Truck (VIN 5PVNJ8JN1E4S51573), (iii) 2017 Hino 258 Tow Truck (VIN 5PVNJ8JN1H4S52484) and (iv) 2019 Hino 258 Tow Truck (VIN 5PVNJ8JN2K4S53506) (collectively, the "Trucks").

**(c)    Proposed Sale of the Trucks.**

8. The Trustee has received an offer to purchase the Trucks from EquipLinc Auction Group (the "Purchaser") for the sum of $10,000.00 plus a $2,000.00 buyer's premium for a gross purchase price of $12,000.00 (the "Purchase Price"). The Asset Purchase Agreement (the "APA") is attached hereto as Exhibit "1" and made a part hereof.

9. In accordance with the APA, the Purchaser will pay a deposit in the amount of $1,200.00 which sum shall be credited at the time of closing on account of the Purchase Price.

10. The sale of the Trucks to the Purchaser is only contingent upon Bankruptcy Court approval.

11. The Trucks are being sold to the Purchaser on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects.

**III.    THE PROPOSED SALE AND RELIEF REQUESTED**

12. The Trustee desires to sell the Trucks free and clear of all liens, claims, interests and encumbrances pursuant to the provisions of the APA.

13.   Pursuant to 11 U.S.C. § 363 and in furtherance of the Trustee's efforts to liquidate the Trucks, the sale of the Trucks must be free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "<u>Liens and Claims</u>").

14.   The Liens and Claims shall attach to the proceeds of the sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

15.   The Purchase Price shall constitute the highest and best offer that the Trustee has or shall receive and shall constitute a purchase in good faith for fair value within the meaning of Section 363(m) of the Bankruptcy Code and *In re Abbots Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986).

16.   The sale of the Trucks free and clear of all Liens and Claims is in the best interest of the bankruptcy estate and is necessary in order to allow the Trustee to liquidate the Trucks.

**IV.   <u>THE TRUSTEE HAS COMPLIED WITH 11 U.S.C. § 363</u>**

17.   By this Motion, the Trustee seeks the entry of an Order by the Court authorizing the sale of the Trucks free and clear of the Liens and Claims.

18.   Section 363(b) of the Bankruptcy Code authorizes a trustee to sell assets outside of the ordinary course of business. As a general rule, a trustee must show that each of the following elements have been met before a § 363(b) sale may be approved: (i) that a sound business reason

3

exists for the proposed transaction; (ii) the sale has been proposed in good faith; (iii) the sale price is fair and reasonable; and (iv) that accurate and reasonable notice has been provided of the transaction. *See, Stroud Ford, Inc.*, 163 B.R. 730 (Bankr. M.D. Pa. 1993). Here, the proposed sale of the Trucks meets each of these four (4) factors.

### (a) The Proposed Sale is Supported by Sound Business Reasons.

19. Courts have made it clear that a trustee's showing of a sound business justification need not be exhaustive, but rather a trustee is "simply required to justify the proposed disposition with sound business reasons." *See, In re Baldwin United Corp.*, 43 B.R. 898, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See, In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983). *See also, Industrial Valley Refrig. & Air Conditioning Supplies, Inc.*, 77 B.R. 15 (Bankr. E.D. Pa. 1987) (adopting *Lionel* reasoning). When considering whether a trustee has demonstrated a sound business justification for a proposed sale of assets under § 363(b) of the Bankruptcy Code, a court "should consider all salient factors pertaining to the proceeding." *See, Lionel*, 722 F.2d at 1071. In evaluating these and other pertinent factors, the court should bear in mind that the overriding goal is "to further the diverse interests of the trustee, creditors and equity holder, alike." *See, Id.*

20. The Trustee believes, and therefore avers, that there is good and sufficient business justification for the Trustee to sell the Trucks and is in the best interest of the bankruptcy estate for this Court to grant the Motion.

21. Accordingly, as the foregoing discussion demonstrates, the Trustee believes that the sale of the Trucks is justified by sound business reasons and is necessary to preserve and maximize the return to the bankruptcy estate.

4

**(b)     The Sale has been Proposed in Good Faith.**

22.     "The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings." *See, In re Abbotts Dairies Pennsylvania, Inc.*,788 F.2d 143, 147 (3d Cir. 1986). "Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *See, Id.*

23.     The proposed sale of the Trucks is an arms-length transaction.

24.     The Trustee has no relationship with the Purchaser.

**(c)     The Purchase Price is Fair and Reasonable.**

25.     The Trucks were shown to potential purchasers.

26.     The Trustee's auctioneer/broker advised the Trustee that a private sale would be more cost effective than an auction.

27.     The Purchase Price is the highest and best offer received by the Trustee.

28.     None of the Trucks are running and they are essentially scrap.

29.     The Trustee believes that the Purchase Price is fair and reasonable.

**(d)     Accurate and Reasonable Notice of the Sale will be Provided.**

30.     In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private or by public auction. *See*, Fed. R. Bankr. P. 6004(f)(1).

31.     Pursuant to Bankruptcy Rule 6004, notice of a proposed use, sale, or lease of property required under Bankruptcy Rule 2002(a)(2) must include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. *See,* Fed. R. Bankr. P. 2002(c)(1). Moreover, notice of a proposed use, sale, or lease of property is

sufficient if it generally describes the property.

32.  The Trustee submits that the Notice attached to this Motion meets all of the above requirements. The Notice describes the Trucks and fixes a deadline for objecting to the same.

**(e)  The Requirements of 11 U.S.C. § 363(f).**

33.  Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1)  applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)  such entity consents;
>
> (3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)  such interest is in bona fide dispute; or
>
> (5)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*See*, 11 U.S.C. § 363(f).

34.  In the case at hand, upon information and belief, the Trucks are not encumbered by any lien or security interest.

35.  Thus, the Trustee submits that the sale of the Trucks, free and clear of the Liens and Claims, satisfies the statutory prerequisites of § 363(f) of the Bankruptcy Code. Accordingly, the Trustee seeks the entry of an Order authorizing the sale of the Trucks pursuant to § 363 of the Bankruptcy Code.

**V.  BROKER COMPENSATION**

36.  On December 11, 2025, the Trustee filed the Application of Christine C. Shubert,

Chapter 7 Trustee, to Employ Barry S. Slosberg, Inc. ("BSS") as Auctioneer/Broker (the "Employment Application").

37. By Order dated January 5, 2026, this Honorable Court approved the Employment Application. A copy of the Order approving the Employment Application is attached hereto as Exhibit "2" and made a part hereof.

38. The Employment Application indicated, *inter alia*, that BSS will charge the buyer(s) a twenty percent (20%) buyer's premium (the "Premium"). As compensation for providing the liquidation services, BSS shall receive a commission of ten percent (10%) of the gross sale proceeds, including the Premium, plus reasonable expenses capped at $1,000.00.

39. The total commission owed to BSS will be the sum of $1,200.00 ($12,000.00 X .10 = $1,200.00). BSS is waiving all expenses

40. The Trustee is requesting approval and payment of the brokerage commission identified herein pursuant to 11 U.S.C. § 330.

VI. **POTENTIAL DISTRIBUTION TO UNSECURED CREDITORS *[THE NUMBERS AND CALCULATIONS SET FORTH BELOW ARE ONLY GOOD FAITH ESTIMATIONS AND ARE SUBJECT TO CHANGE]***

41. The Trustee believes that the priority unsecured claim pool is in the current aggregate amount of $2,675.05. As of the Petition Date, the priority unsecured claim pool was in the aggregate amount of $18,753.53. After the confirmation of the Debtor's Plan, the Subchapter V Trustee paid priority unsecured claims in the aggregate amount of $16,078.48.

42. The aggregate general unsecured claim pool is in the amount of $77,031.51.

43. Upon information and belief, the Trustee estimates that she will be able to pay all priority unsecured claims in full along with a pro rata distribution to general unsecured claims through the sale of the Trucks.

## VII. CONCLUSION

44. The Trustee avers that the sale is in the best interest of all of the bankruptcy estate's creditors. The Trustee further avers that the sale satisfies the Bankruptcy Code. The Trustee's Declaration in Support of the Motion is attached hereto as Exhibit "3" and made a part hereof.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court enter an Order (i) granting the relief requested herein and (ii) providing such other and further relief as this Honorable Court deems just and reasonable.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA  19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: February 3, 2026