# EXHIBIT "1"

## ASSET PURCHASE AGREEMENT

This Agreement (the "Agreement") is made this _____ day of January, 2026, by and between Christine C. Shubert, in her capacity as the Chapter 7 Trustee of the bankruptcy estate of Ricci Transport & Recovery, Inc. (the "Seller") and Equiplinc Auction Group, or its nominee (the "Buyer").

## RECITALS

**WHEREAS**, on April 14, 2022 (the "Petition Date"), Ricci Transport & Recovery, Inc. (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 11 Subchapter V of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") at Case No. 22-10969 (AMC); and

**WHEREAS**, on November 18, 2025, the Debtor's bankruptcy proceeding was converted to Chapter 7 of the Bankruptcy Code; and

**WHEREAS**, on November 19, 2025, the Seller was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate which appointment remains in effect; and

**WHEREAS**, the Debtor's bankruptcy estate owns the following assets (collectively, the "Assets"): (i) 2014 Hino 258 Tow Truck (VIN 5PVNJ8JN1E4S51461), (ii) 2014 Hino 258 Tow Truck (VIN 5PVNJ8JN1E4S51573), (iii) 2017 Hino 258 Tow Truck (VIN 5PVNJ8JN1H4552484) and (iv) 2019 Hino 258 Tow Truck (VIN 5PVNJ8JN2K4S53506); and

**WHEREAS**, the Buyer submitted an offer to purchase the Assets (the "Offer"); and

**WHEREAS**, the Seller desires to sell to Buyer, and Buyer desires to purchase from Seller, free and clear of all liens, claims and encumbrances, all of the Assets, in accordance with Sections 105(a), 363 and other applicable provisions of the Bankruptcy Code and pursuant to authorization to be granted by the Bankruptcy Court (the "Sale") as provided in a sale order (the "Sale Order").

**NOW, THEREFORE**, in consideration of the foregoing recitals and the mutual representations, warranties, covenants and promises contained herein, the adequacy and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT

1. Buyer shall purchase and Seller shall sell the Assets.

2. Within five (5) business days after the execution of this Agreement, the Seller shall file a motion in the Bankruptcy Court to sell all of the Assets to the Buyer free and clear of all liens, claims and encumbrances (the "Sale Motion").

3. Title to the Assets shall pass to Buyer upon the closing of the transaction (the "Closing") which is anticipated to occur between fifteen (15) days and twenty (20) days after the entry of the Sale Order (the "Closing Date").

4. The purchase price shall be $12,000.00 (the "Purchase Price"). The Purchase Price consists of the Offer in the amount of $10,000.00 plus a buyer's premium in the amount of $2,000.00. Within five (5) business days after execution of this Agreement, the Buyer shall provide a deposit in the amount of $1,200.00 (the "Deposit") to the Seller. The Buyer shall receive credit against the Purchase Price for the Deposit paid to Seller. The balance of the Purchase Price in the amount of $10,800.00 shall be paid by Buyer to Seller at Closing. In the event that this Agreement is terminated, the Deposit shall be immediately returned to the Buyer. In the event that the Buyer breaches this Agreement, the Seller shall retain the Deposit as partial damages. The Seller reserves the right to seek damages against the Buyer in excess of the Deposit in the event of a breach of this Agreement by the Buyer.

5. The sale contemplated by this Agreement is expressly subject to each of the following conditions:

    (a) The execution and delivery of a signed copy of this Agreement by Buyer and Seller.

    (b) Approval by the Bankruptcy Court.

    (c) Delivery of all required documents.

6. At Closing, Seller shall deliver to Buyer: Bill of Sale (in the form attached hereto as Exhibit "A" and made a part hereof) and the Bankruptcy Court Sale Order approving this Agreement.

7. Seller represents and warrants to Buyer as follows:

    (a) Seller is the duly appointed Chapter 7 Trustee for the Debtor's bankruptcy estate.

    (b) Subject to the entry of the Sale Order, Seller has full power and authority to enter into and perform this Agreement.

    (c) The execution and performance of this Agreement by Seller will not (i) result in a material breach of, or constitute a material default under, any order, judgment, or decree or any agreement or other instrument to which Seller is a party or by which Seller or any of the Assets may be bound or (ii) constitute a violation of any law or regulation the enforcement of which would have a material adverse effect on Seller's ability to perform its obligations under this Agreement. The execution and performance of this Agreement by Seller has been duly authorized by all necessary actions of Seller and this Agreement constitutes the valid and binding obligation of Seller enforceable against him in accordance with its terms.

(d) Subject to the entry of the Sale Order, there are no judicial or administrative actions, proceedings, or investigations pending or threatened that question the validity of this Agreement or any action taken or to be taken by Seller in connection with this Agreement that, if adversely determined, would have a material adverse effect on Seller's ability to perform its obligations under this Agreement. Seller is not a party to, and is not threatened with, any legal action or other proceeding before any court or administrative agency against or by Seller or directly affecting or directly relating to the Assets.

(e) Seller is the owner of and has, or as a result of the Sale Order will have, the unrestricted power and right to sell, assign and deliver (subject to laws and regulations regarding the transfer of title in each jurisdiction where such property is located) marketable title to the Assets free and clear of all claims, liens, and encumbrances of whatever nature. At the Closing, Buyer will obtain good and marketable title to the Assets free and clear of all claims, liens, and encumbrances of whatever nature. The Assets will be sold to the Buyer at the Closing in their "as is" "where is" condition.

8. Buyer represents to Seller that:

(a) Buyer has full power and authority to enter into and perform this Agreement.

(b) The execution and performance of this Agreement by Buyer will not (i) result in a material breach of, or constitute a material default under, any order, judgment, or decree or any agreement or other instrument to which Buyer is a party or by which Buyer may be bound or (ii) constitute a violation of any law or regulation the enforcement of which would have a material adverse effect on Buyer's ability to perform its obligations under this Agreement. The execution and performance of this Agreement by Buyer has been duly authorized by all necessary action of Buyer and this Agreement constitutes the valid and binding obligation of Buyer enforceable against in accordance with its terms.

(c) No consent, approval or authorization of, or designation, declaration, or filing with, any governmental authority is required on the part of the Buyer in connection with the execution, delivery, and performance under this Agreement.

(d) There are no judicial or administrative actions, proceedings, or investigations pending or threatened that question the validity of this Agreement or any action taken or to be taken by Buyer in connection with this Agreement that, if adversely determined, would have a material adverse effect on Buyer's ability to perform its obligations under this Agreement.

9. All notices required or permitted to be given by any party shall be in writing and

shall be deemed to have been properly given if sent by registered or certified mail, or by recognized overnight courier service (the "Courier Service"), postage prepaid, to the parties at the addresses set forth below or to such other address as any party may from time to time give notice pursuant to this section. All notices shall be deemed received when delivered but in no event later than five (5) business days after they are deposited with either the United States Postal Service or the Courier Service, whichever shall first occur. Notice shall be given at the following addresses:

    To Buyer:

    Equiplinc Auction Group
    Attn: Jimmie Jackson
    1733 South Ridgewood Avenue
    South Daytona, FL 32119

    To Seller:

    Christine C. Shubert
    821 Wesley Avenue
    Ocean City, NJ 08226

    10.    This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements and undertakings, if any, with respect to the matters covered hereby.

    11.    This Agreement may be executed in counterparts, each of which shall be deemed to be an original and both of which together shall be deemed to be one and the same instrument. Delivery of an executed counterpart by telefacsimile or e-mail shall be equally as effective as delivery of an original executed counterpart.

    12.    This Agreement may not be changed, modified or amended except by writing signed by each party hereto. This Agreement shall not be assigned or otherwise transferred by either party without the prior written consent of the other party, which consent shall not be unreasonably withheld or delayed. This Agreement shall be binding upon and inure to the benefit of the successors, subsidiaries, affiliates and permitted assigns of the parties. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania and the Bankruptcy Court shall retain jurisdiction over this Agreement.

## [SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as of the date first written above.

SELLER:

WITNESS/ATTEST:

CHRISTINE C. SHUBERT, SOLEY IN HER CAPACITY AS THE CHAPTER 7 TRUSTEE FOR THE ESTATE OF RICCI TRANSPORT & RECOVERY, INC.

By: _____
Christine C. Shubert

Date: 1/29/26

BUYER:

WITNESS/ATTEST:

EQUIPLINC AUCTION GROUP

By: _____
Jimmie Jackson

Date: 1-29-26

# **EXHIBIT "A"**

# BILL OF SALE

Christine C. Shubert, in her capacity as the Chapter 7 Trustee of the bankruptcy estate of Ricci Transport & Recovery, Inc. (the "Seller") and Equiplinc Auction Group, or its nominee (the "Buyer").

## RECITALS:

WHEREAS, the Seller and the Buyer entered into an Asset Purchase Agreement dated as of January _____, 2026 (the "Agreement")[1] with respect to the Assets.

WHEREAS, the Seller desires to sell, assign, convey, transfer and deliver to the Buyer all of the Seller's right, title and interest in and to the Assets in accordance with the terms of the Agreement.

NOW, THEREFORE, for and in consideration of the foregoing and the mutual covenants contained herein, and for other good and valuable consideration, the receipt, adequacy and legal sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

Section 1.   Bill of Sale; Conveyance of Assets.   On the terms and subject to the conditions of the Agreement, the Seller hereby transfers to the Buyer, its successors and assigns, all of his right, title and interest in and to the Assets, TO HAVE AND TO HOLD the Assets unto the Buyer and its successors and assigns forever from the date hereof.

Section 2.   Effective Time.   The transactions contemplated by the Agreement and this Bill of Sale will be effective as of the Closing Date.

Section 3.   General.

3.1   Entire Agreement. This Bill of Sale, together with the Agreement, and all other written agreements which may be entered into between the parties hereto in connection herewith and therewith and the transaction contemplated hereby and thereby and all other documents and instruments delivered in connection herewith and therewith and the transaction contemplated hereby and thereby, set forth the full and complete understanding of the parties hereto with respect to the transactions contemplated hereby and shall not be amended other than by a written document executed by the parties hereto.

3.2   Governing Law. This Bill of Sale shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania and the Bankruptcy Court shall retain jurisdiction over this Bill of Sale.

3.3   Counterparts. This Bill of Sale may be executed in counterparts, each of which shall be deemed to be an original and both of which together shall be deemed to be one and

---

[1] Capitalized terms used herein that are not otherwise defined herein have the meanings and definitions set forth in the Agreement.

the same instrument. Delivery of an executed counterpart by telefacsimile or e-mail shall be equally as effective as delivery of an original executed counterpart.

       3.4    Binding Effect; No Third Party Beneficiaries. This Bill of Sale shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns, and no other person shall have any right or obligation hereunder.

       3.5    Severability. Any term or provision of this Bill of Sale which is invalid or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity or unenforceability without rendering invalid or unenforceable the remaining terms and provisions of this Bill of Sale or affecting the validity or enforceability of any of the terms or provisions of this Bill of Sale in any other jurisdiction.

       3.6    Headings. The section and other headings of this Bill of Sale are for reference purposes only and shall not affect the meaning or interpretation of this Bill of Sale.

**[SIGNATURE PAGE TO FOLLOW]**

IN WITNESS WHEREOF, the parties hereto have caused this Bill of Sale to be executed on the day and year first below written.

SELLER:

WITNESS/ATTEST:                    SOLEY IN HER CAPACITY AS THE CHAPTER 7 TRUSTEE FOR THE ESTATE OF RICCI TRANSPORT & RECOVERY, INC.

_____             By: _____
                                       Christine C. Shubert

                                   Date: _____

BUYER:

WITNESS/ATTEST:                    EQUIPLINC AUCTION GROUP

_____             By: _____
                                       Jimmie Jackson

                                   Date: _____