IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | CHAPTER 7 |
| : | |
| RICCI TRANSPORT : | BANKRUPTCY NO. 22-10969 (AMC) |
| & RECOVERY, INC. : | |
| : | |
| Debtor : | |
| : | |

## ORDER

**AND NOW,** upon consideration of the Motion of Christine C. Shubert, Chapter 7 Trustee (the "Trustee"), for Entry of an Order (I) Authorizing the Sale of Four Tow Trucks Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 and (II) Authorizing the Compensation of Broker Pursuant to 11 U.S.C. § 330 (the "Motion"), and after notice to creditors and parties in interest; it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. Pursuant to 11 U.S.C. § 363(b) and by the issuance of this Order, the Trustee is authorized and empowered to execute and deliver the necessary documents to transfer and sell the following tow trucks: (i) 2014 Hino 258 Tow Truck (VIN 5PVNJ8JN1E4S51461), (ii) 2014 Hino 258 Tow Truck (VIN 5PVNJ8JN1E4S51573), (iii) 2017 Hino 258 Tow Truck (VIN 5PVNJ8JN1H4S52484) and (iv) 2019 Hino 258 Tow Truck (VIN 5PVNJ8JN2K4S53506) (collectively, the "Trucks") to EquipLinc Auction Group (the "Purchaser") for the gross sum of $12,000.00 (the "Purchase Price") pursuant to the terms and conditions of the Asset Purchase Agreement (the "APA") attached to the Motion as Exhibit "1" (if there is any inconsistency between the APA and this Order, this Order shall control). In accordance with the APA, the Purchaser has paid a deposit in the amount of $1,200.00 which sum shall be credited at the time of closing on account of the Purchase Price.

3. The Trustee be and hereby is permitted to sell the Trucks to the Purchaser free and

clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims").

4. The Liens and Claims shall attach to the proceeds of sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

5. The Trucks are being sold to the Purchaser on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects.

6. The transfer of the Trucks to the Purchaser constitutes a legal, valid and effective transfer of the Trucks and shall vest the Purchaser with all right, title and interest of the Debtor in and to the Trucks, free and clear of all Liens and Claims.

7. The Purchase Price provided by the Purchaser for the Trucks is fair and reasonable. The Purchase Price was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986)".

8. Barry S. Slosberg, Inc. is allowed brokerage commission in the amount of $1,200.00 (the "Commission") pursuant to 11 U.S.C. § 330.

9. The Trustee is authorized to pay the Commission to Barry S. Slosberg, Inc.

10. The sale transaction contemplated by this Order is undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m), and the Purchaser is entitled to the rights and protections granted thereby.

**BY THE COURT:**

Dated: _____     _____
ASHELY M. CHAN,
CHIEF U.S. BANKRUPTCY JUDGE